Charles R. Jacob III
Dana B. Zimmerman
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC, <br><br> Plaintiff, <br><br> -against- <br><br> INVESTAID CORPORATION, <br><br> Defendant. | Case No.: 07 Civ. 5706 (VM) <br><br> ECF Case <br><br> **APPLICATION FOR** <br> **DEFAULT JUDGMENT** |

Plaintiff Terwin Advisors LLC ("Terwin") hereby applies for a default judgment against Investaid Corporation ("Investaid"), upon the accompanying affidavits of Gerald Casey and Dana B. Zimmerman and the exhibits attached thereto.

Terwin commenced this action by filing the Summons and Complaint on June 14, 2007. Terwin served a copy of the Summons and Complaint on defendant on June 19, 2007, by personal service on Robert Rubin, Owner of Investaid. Terwin filed proof of service on June 25, 2007. Defendant's time to file an answer or otherwise move with respect to the Complaint expired on July 9, 2007.

Defendant has not appeared in this action, filed an answer, or otherwise moved with respect to the Complaint. Default was entered in the civil docket in the

Office of the Clerk of this Court on July 19, 2007.  No actions have been taken by defendant since default was entered.

Wherefore, plaintiff applies for a judgment against defendant as to liability for defendant's breach of contract and damages in the amount of $714,134.00, plus interest at the statutory rate of 9% from July 20, 2007 to date, plus attorneys' fees, costs, and expenses, as provided in the parties' contract, in the amount of $733,603.63.

Dated: New York, New York
        August 14, 2007

                        MILLER & WRUBEL P.C.


                   By:_____s/_____
                        Charles R. Jacob III
                        Dana B. Zimmerman
                        250 Park Avenue
                        New York, New York 10177
                        (212) 336-3500

                        Attorneys for Plaintiff
                        Terwin Advisors LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC, | Case No.:  07 Civ. 5706 (VM) |
| Plaintiff, | ECF Case |
| -against- | **AFFIDAVIT OF GERALD CASEY IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT** |
| INVESTAID CORPORATION, | |
| Defendant. | |

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

GERALD CASEY, being duly sworn, states as follows:

1.     I am a principal of plaintiff Terwin Advisors LLC ("Terwin") responsible for Terwin's Asset Performance Management Group.  I am personally familiar with the facts set forth herein.

2.     I submit this affidavit in support of Terwin's application for a default judgment against defendant Investaid Corporation ("Investaid").

3.     As set forth in Terwin's Complaint, a copy of which is attached to the accompanying affidavit of Dana B. Zimmerman ("Zimmerman Aff.") as Exhibit B, Investaid sold Terwin a number of mortgage loans pursuant to a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement").

4.     In the Purchase Agreement, Terwin and Investaid contracted for Investaid to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and

Investaid agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD," described below.

5.      Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," Investaid agreed to repurchase from Terwin Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans. Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [Investaid], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser within five (5) Business Days of receipt of written notice from the Purchaser, in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

6.      Thus, the Purchase Agreement gave Terwin the right to cause Investaid to repurchase, and imposed on Investaid the obligation to repurchase, at the Repurchase Price (as defined), any Early Payment Default Loans as to which Terwin requested repurchase.

7.      Certain of the Mortgage Loans that Terwin purchased from Investaid pursuant to the Purchase Agreement were Early Payment Default Loans, that is, Mortgage Loans as to which (a) a Mortgagor (as defined) was thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related

Mortgage Loan immediately following the applicable Closing Date or (b) the Mortgage

Loan was in bankruptcy or litigation within the first three (3) months immediately

following the applicable Closing Date.

       8.     Commencing in or about October 2006, and continuing through

May, 2007, Terwin gave Investaid written notice of such Early Payment Default Loans

and exercised Terwin's option to require Investaid to repurchase such Early Payment

Default Loans, all in accordance with the terms of the Purchase Agreement.

       9.     This action concerns Early Payment Default Loans that Investaid

was obligated to repurchase from Terwin. Investaid has failed to repurchase the Early

Payment Default Loans or pay Terwin any part of the Repurchase Price.

       10.    Since Investaid has not appeared in this action, Terwin cannot

reconvey the Early Payment Default Loans to Investaid in exchange for the Repurchase

Price. Terwin was forced to liquidate Mortgage Loans by foreclosures or other means,

and incurred damages as a result.

       11.    "Repurchase Price" is defined in Section 1.01 of the Purchase

Agreement as follows:

> With respect to any Mortgage Loan, a price equal to (i) the
> greater of (A) the product of the percentage of par stated in
> the related Purchase Price and Terms Letter and the
> outstanding principal balance of the Mortgage Loan and
> (B) the outstanding principal balance of the Mortgage
> Loan, plus (ii) interest on such outstanding principal
> balance at the related Mortgage Interest Rate from the date
> through which interest was last distributed to the Purchaser
> through the day prior to the date of repurchase, plus (iii)
> any costs and damages actually incurred and paid by or on
> behalf of the Purchaser in connection with any breach of a
> representation or warranty hereunder (including, without
> limitation, those set forth in Section 3.02(i) and 3.02(jjj)
> relating to a violation of a predatory or abusive lending law

applicable to such Mortgage Loan, plus (iv) third party
expenses incurred in connection with the transfer of the
Mortgage Loan being repurchased; less amounts received
or advanced in respect of such repurchased Mortgage Loan
which are being held in the Custodial Account for
distribution in the month of repurchase, plus (v) any
unreimbursed Servicing Advances or Servicing Fee, plus
(vi) all fees and expenses of Purchaser's outside counsel
and court costs incurred in connection with the enforcement
of the Seller's repurchase obligation.

12.    Terwin followed this formula as to each of the Early Payment

Default Loans to arrive at the Repurchase Price. From the Repurchase Price, Terwin hass

subtracted the proceeds of any realization, by foreclosure or otherwise for each such

Early Payment Default Loan. In some cases, the proceeds were zero, because the loans

were second lien loans and the value of the underlying property was less than the value of

the first lien loan. In other cases, Terwin was able to foreclose on the underlying

property and realize proceeds.

13.    Using the aforementioned methodology as to each Early Payment

Default Loan, Terwin arrived at the amount of its realized losses. It is those realized

losses as to which Terwin requests an award of damages. Attached hereto as Exhibit A is

a spreadsheet setting forth Terwin's realized losses as to each Early Payment Default

Loan, for a total liquidated amount of $714,134.00.

14.    The computation of realized losses set forth on Exhibit A, by the

nature of how it was made, includes unpaid interest through the date of computation,

which was July 19, 2007. Accordingly, from July 20, 2007 to date, Terwin seeks interest

at the statutory rate of 9%.

15.    The Purchase Agreement also obligates Investaid to indemnify

Terwin for its attorneys' fees, costs, and expenses incurred in bringing this action.

Investaid has failed to indemnify Terwin for its attorneys' fees, costs, and expenses.

Detailed documentation as to the legal fees and related costs Terwin has incurred in this

action is attached to the Zimmerman Aff. as Exhibit B.

16.    Terwin respectfully requests that the Court grant a default

judgment against Investaid as to liability and damages.

_____
                GERALD CASEY


Sworn to before me this
8th day of August 2007

_____
        NOTARY PUBLIC


RICHARD W CHUN
Notary Public State of New York
No. 02CH6116187
Qualified in Nassau County
Commission Expires September 20, 2008

5

EXHIBIT A

| twg# | svc# | customer name | last name | state | lien | realized loss |
|------|------|---------------|-----------|-------|------|---------------|
| 302728231 | 1002225198 | Investaid Corporation | PORTILLO | NV | 2 | (57,637) |
| 302728299 | 1002224801 | Investaid Corporation | BUITRON | AZ | 2 | (52,279) |
| 302728302 | 1002224830 | Investaid Corporation | WARE | FL | 2 | (81,636) |
| 302728180 | 1002224128 | Investaid Corporation | MCGRAIL | MO | 2 | (28,864) |
| 302728216 | 1002224432 | Investaid Corporation | DRAKE SR | KY | 2 | (21,663) |
| 302728225 | 1002225130 | Investaid Corporation | KUB | MI | 1 | (49,678) |
| 302728240 | 1002225282 | Investaid Corporation | ALLARD | MI | 2 | (21,310) |
| 302728254 | 1002227044 | Investaid Corporation | WYLIE | MI | 2 | (14,246) |
| 302728255 | 1002227057 | Investaid Corporation | KLINE | OH | 2 | (22,235) |
| 302728273 | 1002224555 | Investaid Corporation | GRIMES | KY | 2 | (26,976) |
| 302728292 | 1002224733 | Investaid Corporation | FUGATE | OH | 2 | (27,274) |
| 302728305 | 1002224869 | Investaid Corporation | MCNULTY | IN | 2 | (29,822) |
| 302728311 | 1002224924 | Investaid Corporation | PIGOTT | MI | 2 | (22,457) |
| 302728320 | 1002225017 | Investaid Corporation | KUB | MI | 2 | (27,852) |
| 302931827 | 1002342068 | Investaid Corporation | HOPSON | MO | 2 | (12,488) |
| 302931836 | 1002342084 | Investaid Corporation | HUTCHINSON | FL | 2 | (17,501) |
| 302931843 | 1002342123 | Investaid Corporation | FERREIRA | MI | 2 | (11,807) |
| 302931846 | 1002342136 | Investaid Corporation | ONESLAGER | OH | 2 | (21,116) |
| 302931847 | 1002341632 | Investaid Corporation | MOORE | IN | 2 | (12,358) |
| 302931853 | 1002341674 | Investaid Corporation | WILLIAMS | MI | 2 | (12,258) |
| 302931871 | 1002341771 | Investaid Corporation | BROOKS | MI | 2 | (26,392) |
| 302931875 | 1002341807 | Investaid Corporation | WILLIAMS | OH | 2 | (10,234) |
| 302931881 | 1002341849 | Investaid Corporation | NOLEN | KY | 2 | (19,229) |
| 302931893 | 1002341959 | Investaid Corporation | SIMMONS | IN | 2 | (22,770) |
| 302931898 | 1002341975 | Investaid Corporation | DRAKE | MI | 2 | (21,328) |
| 302931902 | 1002342013 | Investaid Corporation | BOYLE | OH | 2 | (15,110) |
| 302931905 | 1002342042 | Investaid Corporation | BRADEN | FL | 2 | (27,614) |

27                                                                           (714,134)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC, | Case No.:  07 Civ. 5706 (VM) |
| Plaintiff, | ECF Case |
| -against- | **AFFIDAVIT OF DANA B. ZIMMERMAN IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT** |
| INVESTAID CORPORATION, | |
| Defendant. | |

STATE OF NEW YORK     )
                                            )  ss.:
COUNTY OF NEW YORK   )

Dana B. Zimmerman, being duly sworn, states as follows:

1.       I am a member of the Bar of this Court and am associated with

Miller & Wrubel P.C., counsel to plaintiff Terwin Advisors LLC ("Terwin").  I am

familiar with the facts and circumstances in this action.

2.       I submit this affidavit in support of Terwin's application for the

entry of a default judgment as to liability and damages against defendant Investaid

Corporation ("Investaid").  A proposed form of default judgment is attached as Exhibit A

hereto.

**Jurisdiction and Venue**

3.       This Court has subject matter jurisdiction of this action pursuant to

28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive

of interest and costs, and is between citizens of different states.  See Complaint ¶ 4,

attached as Exhibit B hereto.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Investaid consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and Investaid is subject to personal jurisdiction in this District.  Complaint ¶ 5.

5.      Investaid is subject to personal jurisdiction in this Court because it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York. Complaint ¶¶ 6, 9.

## Nature of the Claim

6.      As set forth in the accompany affidavit of Gerald Casey ("Casey Aff."), Investaid sold Terwin a number of mortgage loans pursuant to a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement").

7.      In the parties' Purchase Agreement, Terwin and Investaid contracted for Investaid to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and Investaid agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

8.      As set forth in the Casey Aff., Investaid did not repurchase the Early Payment Default Loans as requested by Terwin.  Therefore, Investaid is in breach of its obligations under the Purchase Agreement.

## Investaid's Default

9.      Terwin commenced this action by filing the Summons and Complaint on June 14, 2007.  Terwin served a copy of the Summons and Complaint on

defendant on June 19, 2007, by personal service on Robert Rubin, Owner of Investaid. Terwin filed proof of service on June 25, 2007.

10.     Investaid's time to answer or otherwise move in response to the Complaint expired on July 9, 2007.

11.     By Order dated July 17, 2007, the Court directed Terwin "to inform the Court by July 25, 2007 of the status of this matter and plaintiff's contemplation with respect to further proceedings in this case."

12.     By letter dated July 20, 2007, Terwin informed the Court that Investaid had not answered the Complaint or otherwise appeared and that Terwin would seek a default judgment.

13.     Terwin served a copy of its July 20, 2007 letter on Investaid by facsimile and first class mail on July 20, 2007.

14.     The Orders and Judgments Clerk entered Investaid's default on July 19, 2007.  The original Certificate of Default is attached as Exhibit C hereto.

**Terwin Requests a Default
Judgment as to Liability and Damages**

15.     Terwin seeks damages for Investaid's breach of its contractual obligation to repurchase the Early Payment Default Loans, and indemnification for attorneys' fees, costs, and expenses, all as provided in the parties' contract as described in the Complaint.

16.     Investaid has not paid Terwin any part of the repurchase price of the Early Payment Default Loans and has not indemnified Terwin in any amount for its attorneys' fees, costs, and expenses.

17.     As set forth in the Casey Aff., given Investaid's failure to repurchase the Early Payment Default Loans as agreed, Terwin has realized losses in the liquidated amount of $714,134.00 (an amount less than the principal amount demanded in the Complaint), plus interest at the statutory rate of 9% from July 20, 2007 to date, which is justly due and owing, and no part of which has been paid.

18.     Pursuant to § 8.01 of the Purchase Agreement, Investaid expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [Investaid] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ." Complaint ¶ 26.

19.     Pursuant to § 8.01 of the Purchase Agreement, Investaid is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred in connection with Investaid's failure to observe and perform its obligation to repurchase Early Payment Default Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such fee or cost was incurred to the date of judgment in this action.  Complaint ¶ 28.

20.     To date, Terwin has incurred legal fees and related costs in this action in the amount of $14,891.29.  Attached hereto as Exhibit D is a copy of Miller & Wrubel P.C.'s invoices and statements relating to the legal fees and related costs sought to be taxed in this action.

21.    Attached hereto as Exhibit E is Terwin's Statement of Damages.

**<u>Notice to Investaid</u>**

22.    Pursuant to the Court's Individual Practices, notice of Terwin's

Application for Default Judgment, including the papers upon which it is based, has been

provided to Investaid by first-class mail.

WHEREFORE, plaintiff respectfully requests the entry of a default

judgment against Investaid as to liability and damages.


<u>DANA B. ZIMMERMAN</u>

Sworn to before me this
14th day of August 2007

<u>NOTARY PUBLIC</u>

JEREMY M. SHER
Notary Public · State of New York
No. 02SH6138838
Qualified in New York County
My Comm. Expires Dec. 27, 2009

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERWIN ADVISORS LLC,

                                    Plaintiff,

        -against-

INVESTAID CORPORATION,

                                    Defendant.

Case No.:  07 Civ. 5706 (VM)

ECF Case

**DEFAULT JUDGMENT**

        This action having been commenced on June 14, 2007 by the filing of the

Summons and Complaint, and a copy of the Summons and Complaint having been

personally served on the defendant, Investaid Corporation ("Investaid"), on June 19,

2007, by personal service on Robert Rubin, Owner of Investaid, and a proof of service

having been filed on June 25, 2007, and the defendant not having answered the

Complaint, and the time for answering the Complaint having expired, it is

        ORDERED, ADJUDGED AND DECREED:  That the plaintiff have

judgment against defendant, in plaintiff's favor, in the amount of $714,134.00 with

interest at 9% from July 20, 2007 to date, amounting to $4,578.34, plus attorneys' fees,

costs and disbursements of this action in the amount of $14,891.29, amounting in all to

$733,603.63.

Dated: New York, New York
        August __, 2007

                                            _____
                                            Hon. Victor Marrero, U.S.D.J.

# EXHIBIT B

Charles R. Jacob III (CJ-4143)
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERWIN ADVISORS LLC,

                    Plaintiff,

-against-

INVESTAID CORPORATION,

                    Defendant.

---

07 Civ. _____

**COMPLAINT**

RECEIVED
JUN 1 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Terwin Advisors LLC ("Terwin"), by its attorneys Miller &

Wrubel P.C., as and for its Complaint against defendant alleges as follows:

### ALLEGATIONS COMMON TO
### ALL CAUSES OF ACTION

#### The Parties

1.      Terwin is a limited liability company organized under the laws of

the State of Delaware with its principal place of business at 45 Rockefeller Plaza, Suite

420, New York, New York 10111.  Terwin is engaged in the business of, inter alia,

purchasing, trading and securitizing mortgages.

2.      None of Terwin's members is a citizen of the State of Michigan.

3.      On information and belief, defendant Investaid Corporation

("Investaid") is a corporation organized under the laws of the State of Michigan with its

principal place of business at 24315 Northwestern Highway, Suite 100, Southfield,

Michigan 48075.  On further information and belief, Investaid is engaged in the business

of, inter alia, originating and selling mortgages.

### Jurisdiction and Venue

4.    This Court has subject matter jurisdiction of this action pursuant to

28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive

of interest and costs, and is between citizens of different states.

5.    Venue in this District is proper pursuant to 28 U.S.C. § 1391

because Investaid consented to venue in this Court, a substantial part of the events and

omissions giving rise to the claim occurred in this District, a substantial part of the

property that is the subject of this action is situated in this District and Investaid is subject

to personal jurisdiction in this District.

6.    Investaid is subject to personal jurisdiction in this Court because,

as more fully set forth below, it consented to jurisdiction in the State and County of New

York, transacted business in the State of New York and contracted to supply goods and

services in the State of New York.

### Investaid's Breach of
### the Purchase Agreement

**A.    The Purchase Agreement**

7.    On or about May 4, 2006, Terwin and Investaid entered into a

Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase

Agreement").

8.    In the Purchase Agreement, Terwin and Investaid contracted for

Investaid to sell to Terwin certain Mortgage Loans (as defined in the Purchase

Agreement), subject to the terms and conditions in the Purchase Agreement, and

2

Investaid agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

**B.**    **Consent to Jurisdiction**

9.    In the Purchase Agreement, Investaid expressly consented and submitted to the "exclusive general jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan," and waived any objection that this Court is an inconvenient forum.  Moreover, the Purchase Agreement (a) was negotiated in material part in the State of New York, (b) required performance by Investaid in the form of the delivery of documents and funds, and the benefits of mortgage servicing, to Terwin at its offices in the State of New York, and (c) chose New York law as governing law for the Purchase Agreement.

**C.**    **Investaid's Default in Its Obligation
to Repurchase Early Payment Default Loans**

10.    Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," Investaid agreed to repurchase from Terwin certain Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans.  Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [Investaid], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser within five (5) Business Days of

3

> receipt of written notice from the Purchaser, in
> accordance with the procedures set forth in Section
> 3.03 hereof, however, any such repurchase shall be
> made at the Repurchase Price.

11.    Thus, the Purchase Agreement expressly and unambiguously gave
Terwin the right to cause Investaid to repurchase, and imposed on Investaid the
obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to
which Terwin requested repurchase.

12.    Certain of the Mortgage Loans that Terwin purchased from
Investaid pursuant to the Purchase Agreement, which Mortgage Loans are identified on
Exhibit A hereto, were Early Payment Default Loans, that is, Mortgage Loans as to
which (a) a Mortgagor (as defined in the Purchase Agreement) was thirty (30) days or
more delinquent with respect to any of the first three (3) Monthly Payments due on the
related Mortgage Loan immediately following the applicable Closing Date or (b) the
Mortgage Loan was in bankruptcy or litigation within the first three (3) months
immediately following the applicable Closing Date.

13.    The Mortgage Loans listed on Exhibit A hereto are all Early
Payment Default Loans as defined in the Purchase Agreement.

14.    Commencing in or about October 2006, and continuing through
May 21, 2007, Terwin gave Investaid written notice of such Early Payment Default
Loans and exercised Terwin's option to require Investaid to repurchase such Early
Payment Default Loans, all in accordance with the terms of the Purchase Agreement.

15.    Terwin stood ready, willing and able, at all relevant times, to
reconvey the Mortgage Loans on Exhibit A to Investaid.

4

16.    Investaid did not repurchase the Early Payment Default Loans listed on Exhibit A hereto as requested by Terwin.  Therefore, Investaid is in breach of its obligations under the Purchase Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract – Damages for Failure
to Repurchase Early Payment Default Loans)**

17.    Terwin repeats and realleges the allegations of paragraphs 1 - 16, above, as if fully set forth herein.

18.    The Mortgage Loans that are the subject of this action are set forth on Exhibit A.

19.    Investaid's failure to repurchase the Early Payment Default Loans listed on Exhibit A hereto, was and is a breach of the Purchase Agreement.

20.    Terwin is entitled, by means of an award of damages, to be put in the same position economically that it would have been in had Investaid performed its repurchase obligations under the Purchase Agreement.

21.    The aggregate realized losses suffered by Terwin for the Early Payment Default Loans, with interest through May 31, 2007, was not less than $574,861, no part of which has been paid despite demand therefor.

22.    The aggregate Repurchase Price due and owing to Terwin for the remaining Early Payment Default Loans as to which no loss has been realized, as of May 31, 2007, was $2,884,907, no part of which has been paid despite demand therefor.

23.    Absent Investaid's repurchase of the Early Payment Default Loans from Terwin, Terwin's damages will continually increase due to the accrual of interest on outstanding Early Payment Default Loan balances at the related Mortgage Interest Rate

(as defined in the Purchase Agreement), and the expenses of owning and servicing Mortgage Loans.

24.    By reason of this breach of contract, Investaid is liable to Terwin in an amount to be determined but not less than $3,459,768, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.  Terwin hereby tenders to Investaid the Mortgage Loans as to which a loss has not yet been realized, as set forth on Exhibit A, in return for payment of the Full Repurchase Price.  Alternatively, Terwin demands judgment for its damages suffered with respect to each and every Mortgage Loan on Exhibit A not repurchased by Investaid.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Indemnification – Legal Fees and Related Costs)

25.    Terwin repeats and realleges the allegations of paragraphs 1 – 24, above, as if fully set forth herein.

26.    Pursuant to § 8.01 of the Purchase Agreement, Investaid expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [Investaid] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ."

27.    Pursuant to § 8.01 of the Purchase Agreement, Investaid's indemnity obligation expressly includes the legal fees and court costs, and all other costs, fees and expenses, that Terwin has incurred, is incurring and will incur in connection with Investaid's failure to observe and perform its obligation to repurchase Early

Payment Default Loans as set forth above, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action.

      28.    Pursuant to § 8.01 of the Purchase Agreement, Investaid is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Investaid's failure to observe and perform its obligation to repurchase Early Payment Default Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action.

      WHEREFORE, Terwin demands judgment in its favor and against Investaid as follows:

        (i)    on its First Cause of Action, awarding Terwin as against Investaid an amount to be determined but not less than $3,459,768, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment, in return for which payment Terwin tenders the Mortgage Loans on Exhibit A as to which no loss has been realized, or, alternatively, Terwin's damages incurred as to each such Mortgage Loan as a result of Investaid's failure to repurchase it;

        (ii)    on its Second Cause of Action, awarding Terwin all Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with

7

Investaid's failure to observe and perform its obligation to repurchase Mortgage Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action; and

(iii)    granting such other or further relief as the Court may deem just and proper in the circumstances.

Dated:  June 14, 2007

MILLER & WRUBEL P.C.

By: _____
Charles R. Jacob III (CJ-4143)
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

8

**Exhibit A**

| | | Exhibit A | | |
| --- | --- | --- | --- | --- |
| | | 5/31/2007 | | |
| TWG# | last name | lien | realized loss | repurchase total |
| 302728240 | ALLARD | 2 | 21,310.00 | cannot repurchase, realized loss |
| 302728254 | WYLIE | 2 | 14,246.00 | cannot repurchase, realized loss |
| 302728255 | KLINE | 2 | 22,235.00 | cannot repurchase, realized loss |
| 302728273 | GRIMES | 2 | 26,976.00 | cannot repurchase, realized loss |
| 302728292 | FUGATE | 2 | 27,274.00 | cannot repurchase, realized loss |
| 302728305 | MCNULTY | 2 | 29,822.00 | cannot repurchase, realized loss |
| 302728311 | PIGOTT | 2 | 22,457.00 | cannot repurchase, realized loss |
| 302728320 | KUB | 2 | 27,852.00 | cannot repurchase, realized loss |
| 302931827 | HOPSON | 2 | 12,488.00 | cannot repurchase, realized loss |
| 302931836 | HUTCHINSON | 2 | 17,501.00 | cannot repurchase, realized loss |
| 302931843 | FERREIRA | 2 | 11,807.00 | cannot repurchase, realized loss |
| 302931846 | ONESLAGER | 2 | 21,116.00 | cannot repurchase, realized loss |
| 302931847 | MOORE | 2 | 12,358.00 | cannot repurchase, realized loss |
| 302931853 | WILLIAMS | 2 | 12,258.00 | cannot repurchase, realized loss |
| 302931871 | BROOKS | 2 | 26,392.00 | cannot repurchase, realized loss |
| 302931875 | WILLIAMS | 2 | 10,234.00 | cannot repurchase, realized loss |
| 302931881 | NOLEN | 2 | 19,229.00 | cannot repurchase, realized loss |
| 302931893 | SIMMONS | 2 | 22,770.00 | cannot repurchase, realized loss |
| 302931898 | DRAKE | 2 | 21,328.00 | cannot repurchase, realized loss |
| 302931902 | BOYLE | 2 | 15,110.00 | cannot repurchase, realized loss |
| 302931905 | BRADEN | 2 | 27,614.00 | cannot repurchase, realized loss |
| 302728180 | MCGRAIL | 2 | 28,864.00 | cannot repurchase, realized loss |
| 302728216 | DRAKE SR | 2 | 21,663.00 | cannot repurchase, realized loss |
| 302728225 | KUB | 1 | 49,678.00 | cannot repurchase, realized loss |
| 302728299 | BUITRON | 2 | 52,279.00 | cannot repurchase, realized loss |
| 302931889 | ROBBINS | 2 | | $ 26,364 |
| 302931855 | BECK | 2 | | $ 33,171 |
| 302931869 | GARCIA | 2 | | $ 31,319 |
| 302728116 | ZAWINSKY | 1 | | $ 218,723 |
| 302728245 | MARTIN | 2 | | $ 15,342 |
| 302728256 | YANISH | 1 | | $ 202,892 |
| 302728259 | INMAN | 1 | | $ 107,547 |
| 302728262 | WILSON | 2 | | $ 22,039 |
| 302728269 | TRAPISS | 2 | | $ 32,698 |
| 302728278 | YANISH | 2 | | $ 52,362 |
| 302728302 | WARE | 2 | | $ 87,106 |
| 302728304 | HUDSON | 2 | | $ 24,011 |
| 302728309 | INMAN | 2 | | $ 27,612 |
| 302728313 | DOMINGUEZ | 2 | | $ 50,142 |
| 302728316 | FIELDS | 2 | | $ 15,864 |
| 302728323 | WASHINGTON | 2 | | $ 11,710 |
| 302728138 | WHITMON | 1 | | $ 104,175 |
| 302728139 | HILDRETH | 1 | | $ 122,183 |
| 302728151 | SPENCER | 2 | | $ 17,120 |
| 302728153 | WILSON | 1 | | $ 89,352 |
| 302728160 | HAIRSTON | 1 | | $ 103,794 |
| 302728170 | BONE | 2 | | $ 23,121 |
| 302728175 | STINSON | 1 | | $ 66,627 |
| 302728181 | WARE | 1 | | $ 340,698 |
| 302728195 | PIGOTT | 1 | | $ 108,362 |
| 302728209 | HUDSON | 1 | | $ 94,621 |
| 302728212 | MCNULTY | 1 | | $ 135,089 |
| 302728218 | COLLINS | 1 | | $ 114,318 |
| 302728222 | BUITRON | 1 | | $ 218,974 |
| 302728231 | PORTILLO | 2 | | $ 62,054 |
| 302728252 | FIELDS | 1 | | $ 62,658 |
| 302931903 | STROUP | 2 | | $ 31,261 |

| 302728148 | PARKS | 2 | $ | 29,183 |
|---|---|---|---|---|
| 302728211 | FUGATE | 1 | $ | 159,522 |
| 302728264 | HURLEY | 2 | $ | 42,895 |

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC,<br><br>             Plaintiff,<br><br>-against-<br><br>INVESTAID CORPORATION,<br><br>            Defendant. | Case No.:  07 Civ. 5706 (VM)<br><br>ECF Case<br><br>**CLERK'S CERTIFICATE** |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on June 14, 2007 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant on June 19, 2007 by personal service upon Robert Rubin, Owner of Investaid Corporation, and proof of such service thereof was filed on June 25, 2007.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated: New York, New York
      July 19, 2007

                             **J. MICHAEL MCMAHON**
                              Clerk of the Court

          By: _____
                         Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERWIN ADVISORS LLC,

                        Plaintiff,

    -against-

INVESTAID CORPORATION,

                        Defendant.

Case No.:  07 Civ. 5706 (VM)

ECF Case

**AFFIDAVIT FOR
CERTIFICATE OF DEFAULT**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

        Dana B. Zimmerman, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and the firm of Miller &
Wrubel P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all
the facts and circumstances in this action.

        2.      I make this affidavit pursuant to Rule 55.1 of the Local Civil Rules
for the Southern District of New York, in support of plaintiff's application for a
certificate of default.

        3.      This action was commenced on June 14, 2007 by the filing of the
summons and complaint.  A copy of the summons and complaint was served on
defendant on June 19, 2007 by personal service on Robert Rubin, Owner of Investaid
Corporation, and proof of such service thereof was filed on June 25, 2007.  The defendant
has not answered the complaint and the time for the defendant to answer the complaint
has expired.

WHEREFORE, plaintiff requests the entry of Default against defendant.

_____
Dana B. Zimmerman (DZ-3737)

Sworn to before me this
19th day of July 2007

_____
Notary Public

**GERI GOODWIN**
**Notary Public, State of New York**
**No. 01GO6038993**
**Qualified in Westchester County**
**Commission Expires March 20, 2010**

**Other Documents**
1:07-cv-05706-VM Terwin Advisors LLC v. Investaid Corporation


**U.S. District Court**

**United States District Court for the Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Zimmerman, Dana on 7/19/2007 at 11:56 AM EDT and filed on 7/19/2007
**Case Name:**          Terwin Advisors LLC v. Investaid Corporation
**Case Number:**        1:07-cv-5706
**Filer:**              Terwin Advisors LLC
**Document Number:** 4

**Docket Text:**
REQUEST TO ENTER DEFAULT against Investaid Corporation. Document filed by Terwin Advisors LLC.
(Attachments: # (1) Affidavit for Certificate of Default)(Zimmerman, Dana)


**1:07-cv-5706 Notice has been electronically mailed to:**

Charles Richard Jacob , III     cjacob@mw-law.com

**1:07-cv-5706 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/19/2007] [FileNumber=3595295-0
] [b3d2c3911275e039c191cea323f3798895ef71c2aa4b4b8ace3681008ca70efa3f0
d7e1b1a53ce011f2f7537b5f140558855e789435b356951b0a820afc25dc7]]
**Document description:**Affidavit for Certificate of Default
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/19/2007] [FileNumber=3595295-1
] [1f1941bcae565b3de17dc115d551385ec55d38c2504964d2c65ee6c37723ac3c3d6
631951060534c233511ed79d00ee69c97e8af161ec46621f08806315ab373]]

# EXHIBIT D

MILLER & WRUBEL P.C.

ATTORNEYS

250 PARK AVENUE

NEW YORK, NEW YORK 10177-0699

(212) 336-3500

FACSIMILE
(212) 336-3555

Richard W. Chun, Esq.
The Winter Group
45 Rockefeller Plaza
New York  NY  10111

Page: 1
06/13/2007

| | |
|---|---|
| Account No: | 2553-1031 |
| Statement No: | 20124 |

---

Investaid Corporation

<u>Fees</u>

| | | Rate | Hours | |
|---|---|---|---|---|
| **05/24/2007** | | | | |
| LP | Revisions and calculations for repurchases spreadsheet; Create exhibit to complaint | 155.00 | 0.30 | 46.50 |
| DBZ | Draft federal complaint & other papers; conf HCK, CRJ | 325.00 | 1.50 | 487.50 |
| CRJ | Prepared complaint; client re same | 525.00 | 0.70 | 367.50 |
| **05/25/2007** | | | | |
| CRJ | Review and revise complaint | 525.00 | 1.20 | 630.00 |
| **05/29/2007** | | | | |
| DBZ | Revise complaint; conf CRJ re same | 325.00 | 2.00 | 650.00 |
| CRJ | Review and revise complaint, client re same | 525.00 | 0.90 | 472.50 |
| **05/30/2007** | | | | |
| HCK | Revised Exhibit A; e-mail to client re outstanding items; revised complaint | 325.00 | 0.40 | 130.00 |
| SJ | New Matter set-up. | 155.00 | 0.40 | 62.00 |
| SJ | Updated client document file. | 155.00 | 0.20 | 31.00 |
| DBZ | E-mails to/from CRJ, HCK, client re new cases | 325.00 | 1.00 | 325.00 |
| CRJ | Review and revise complaint, client re same; prepare new repurchase request | 525.00 | 1.50 | 787.50 |
| **05/31/2007** | | | | |
| HCK | Retrieved DB complaint, reviewed and compared loan demand spreadsheets and discussed w/CRJ; discussed Exhibit A and revisions to complaint w/DBZ | 325.00 | 1.90 | 617.50 |
| DBZ | Revise complaint | 325.00 | 1.00 | 325.00 |

Page: 2

Richard W. Chun, Esq.

06/13/2007

Account No: 2553-1031

Statement No: 20124

Investaid Corporation

| | | Rate | Hours | |
|---|---|---|---|---|
| CRJ | Review and revise complaint, client re same; prepare new repurchase requests | 525.00 | 0.50 | 262.50 |
| | Discount - Preferred Client | | | -259.73 |
| | For Professional Services | | 13.50 | 4,934.77 |

### Hours By Timekeeper

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Jacob III, Charles R. | 4.80 | $525.00 | $2,520.00 |
| Zimmerman, Dana B. | 5.50 | 325.00 | 1,787.50 |
| Kang, Haynee C. | 2.30 | 325.00 | 747.50 |
| Piechocki, Lauren | 0.30 | 155.00 | 46.50 |
| Jimenez, Sandra | 0.60 | 155.00 | 93.00 |

### Expenses

| 05/24/2007 | Filing Fees - Clerk of Court - SDNY | 350.00 |
|---|---|---|
| | For Expenses | 350.00 |

| | Balance Due | $5,284.77 |
|---|---|---|

# MILLER & WRUBEL P. C.

### ATTORNEYS
### 250 PARK AVENUE
### NEW YORK, NEW YORK 10177-0699
### (212) 336-3500

FACSIMILE
(212) 336-3555

|  |  |
|---|---|
| | Page: 1 |
| Richard W. Chun, Esq. | 07/20/2007 |
| The Winter Group | Account No:        2553-1031 |
| 45 Rockefeller Plaza | Statement No:        20194 |
| New York  NY  10111 | |

---

Investaid Corporation

## Fees

| Date | | | Rate | Hours | |
|---|---|---|---|---|---|
| 06/01/2007 | | | | | |
| | HCK | Reviewed Investaid Exhibit A and compared to demand letter spreadsheet; discussed demand letter w/CRJ; revised Exhibit A and Complaint | 325.00 | 0.90 | 292.50 |
| | DBZ | E-mails to/from CRJ, HCK re new cases | 325.00 | 1.00 | 325.00 |
| 06/05/2007 | | | | | |
| | HCK | Revised complaint and exhibit A | 325.00 | 0.60 | 195.00 |
| 06/06/2007 | | | | | |
| | HCK | Reviewed demand letter and demand loan lists; re-reviewed e-mail correspondence w/client and discussed w/CRJ; discussed revised demand letter w/DBZ and CRJ | 325.00 | 0.90 | 292.50 |
| | DBZ | Draft/mail Repurchase Request | 325.00 | 1.00 | 325.00 |
| 06/13/2007 | | | | | |
| | CRJ | Attention to finalizing complaint, client re same | 525.00 | 0.50 | 262.50 |
| 06/14/2007 | | | | | |
| | HCK | Finalized and filed complaint; coordinated filing w/paralegal | 325.00 | 0.50 | 162.50 |
| | CRJ | Attention to filing of complaint | 525.00 | 0.40 | 210.00 |
| 06/15/2007 | | | | | |
| | HCK | Attention to ECF filing of initiating documents; prepared documents for service of process | 325.00 | 0.70 | 227.50 |
| | DBZ | E-mail from HCK re case opening | 325.00 | 0.20 | 65.00 |

Richard W. Chun, Esq.

Investaid Corporation

|  | Page: 2 |
|---|---|
|  | 07/20/2007 |
| Account No: | 2553-1031 |
| Statement No: | 20194 |

| | | Rate | Hours | |
|---|---|---|---|---|
| **06/19/2007** | | | | |
| DBZ | E-mails to/from process server re complaint | 325.00 | 0.50 | 162.50 |
| **06/21/2007** | | | | |
| LP | Update memoranda and correspondence files | 155.00 | 0.30 | 46.50 |
| **06/25/2007** | | | | |
| HCK | Check on status of affidavit of service and response time | 325.00 | 0.10 | 32.50 |
| DBZ | ECF Affidavit of Service | 325.00 | 1.00 | 325.00 |
| **06/26/2007** | | | | |
| DBZ | Prepare affidavit of service for filing | 325.00 | 1.00 | 325.00 |
| **06/27/2007** | | | | |
| SJ | court trip | 155.00 | 1.10 | 170.50 |
| | Discount - Preferred Client | | | -170.98 |
| | For Professional Services | | 10.70 | 3,248.52 |

### Hours By Timekeeper

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Jacob III, Charles R. | 0.90 | $525.00 | $472.50 |
| Zimmerman, Dana B. | 4.70 | 325.00 | 1,527.50 |
| Kang, Haynee C. | 3.70 | 325.00 | 1,202.50 |
| Piechocki, Lauren | 0.30 | 155.00 | 46.50 |
| Jimenez, Sandra | 1.10 | 155.00 | 170.50 |

### Expenses

| 06/30/2007 | Duplicating | 7.70 |
|---|---|---|
| | For Expenses | 7.70 |

| | Balance Due | $3,256.22 |
|---|---|---|

# MILLER & WRUBEL P. C.
## ATTORNEYS
### 250 PARK AVENUE
### NEW YORK, NEW YORK 10177-0699
### (212) 336-3500

FACSIMILE
(212) 336-3555

Richard W. Chun, Esq.
The Winter Group
45 Rockefeller Plaza
New York  NY  10111

|  | Page: 1 |
|---|---|
|  | 08/09/2007 |
| Account No: | 2553-1031 |
| Statement No: | 20266 |

Investaid Corporation

### Fees

| | | Rate | Hours | |
|---|---|---|---|---|
| **07/02/2007** | | | | |
| SJ | updated client folder. scanned documents onto system and into docket sheet. | 155.00 | 0.50 | 77.50 |
| **07/03/2007** | | | | |
| DBZ | Prepare for and attend conf call w/R. Chun re status | 325.00 | 0.20 | 65.00 |
| **07/10/2007** | | | | |
| HCK | Summary to CRJ re status; checked PACER re status | 325.00 | 0.20 | 65.00 |
| **07/17/2007** | | | | |
| JMS | Discuss default judgment procedures with D. Zimmerman | 300.00 | 0.20 | 60.00 |
| SJ | updated client folder. | 155.00 | 0.30 | 46.50 |
| LP | Enter court papers into docket sheet | 155.00 | 0.20 | 31.00 |
| DBZ | Review Marrero order; t/c Chambers re same; conf JMS re default judgment | 325.00 | 1.00 | 325.00 |
| CRJ | Review Judge Warners' order, client re same and default judgment | 525.00 | 1.10 | 577.50 |
| **07/19/2007** | | | | |
| JMS | Discuss default judgment procedures with D. Zimmerman | 300.00 | 0.10 | 30.00 |
| LP | Court trip to SDNY to file Clerk's Certificate for default judgment | 155.00 | 1.30 | 201.50 |
| DBZ | Draft and file certificate of default | 325.00 | 3.00 | 975.00 |

Page: 2

Richard W. Chun, Esq.                                                08/09/2007

Account No:       2553-1031
Statement No:        20266

Investaid Corporation

| | | Rate | Hours | |
|---|---|---|---|---|
| **07/20/2007** | | | | |
| JMS | Discuss default judgment with H. Kang | 300.00 | 0.10 | 30.00 |
| HCK | Drafted letter to Judge Marrero; consulted judge's rules re default; discussed w/CRJ; fact research on Investaid for contact info. | 325.00 | 1.10 | 357.50 |
| DBZ | E-mails to/from HCK re default | 325.00 | 0.80 | 260.00 |
| **07/23/2007** | | | | |
| DBZ | Draft default judgment papers; e-mail same to CRJ | 325.00 | 3.00 | 975.00 |
| **07/25/2007** | | | | |
| SJ | updated client folder. | 155.00 | 0.20 | 31.00 |
| **07/30/2007** | | | | |
| DBZ | Conf CRJ re default judgment; revise papers re default judgment based on realized losses | 325.00 | 3.00 | 975.00 |
| CRJ | Attention to default judgment, client re same | 525.00 | 0.50 | 262.50 |
| **07/31/2007** | | | | |
| SJ | scanned court papers onto docket sheet and into system. organized documents into court papers | 155.00 | 0.40 | 62.00 |
| CRJ | Work on default judgment application, client re same | 525.00 | 0.50 | 262.50 |
| DBZ | Draft/revise default judgment papers | 325.00 | 3.00 | 975.00 |
| | Discount - Preferred Client | | | -664.45 |
| | For Professional Services | | 20.70 | 5,980.05 |

### Hours By Timekeeper

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Jacob III, Charles R. | 2.10 | $525.00 | $1,102.50 |
| Zimmerman, Dana B. | 14.00 | 325.00 | 4,550.00 |
| Kang, Haynee C. | 1.30 | 325.00 | 422.50 |
| Sher, Jeremy M. | 0.40 | 300.00 | 120.00 |
| Piechocki, Lauren | 1.50 | 155.00 | 232.50 |
| Jimenez, Sandra | 1.40 | 155.00 | 217.00 |

Balance Due                                                    $5,980.05



# Demovsky Lawyer Service

**Invoice**

401 Broadway, Suite 510
New York, NY 10013
Ph. 212-925-1220 Fax 212-941-0235
www.demovskylawyerservice.com

Invoice Number:
260014

Invoice Date:
Jun 30, 2007

Page:
1

Duplicate

**To:** HAYNEE KANG
Miller & Wrubel PC
250 Park Avenue
NEW YORK, NY  10177-0699
USA

*Fax - 212 - 336 - 3555*

*att: Dana*

| Account Number | Worksheet Number | Payment Terms | |
|---|---|---|---|
| 1895 | 124538 | Net 30 Days | |
| | | Request Date | Due Date |
| | | 6/15/07 | 7/30/07 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| | | TERWIN ADVISORS LLC        V | | |
| | | INVESTAID CORPORATION    07 CIV 5706 | | |
| 1.00 | SZN | Process Service Outside N.Y. Metro Area   INVESTAID CORPORATION  (24315 NORTHWESTERN HIGHWAY, SUITE 100, SOUTHFIELD, MI) | 225.00 | 225.00 |
| 1.00 | MISC | RUSH FEE | 75.00 | 75.00 |
| 2.00 | CP | Courier/Postage | 25.00 | 50.00 |
| 2.00 | TEL | Telephone | 1.50 | 3.00 |
| 1.00 | PU | DELIVERY | 15.00 | 15.00 |
| 1.00 | MISC | Fuel Surcharge | 2.00 | 2.00 |

Check No:        11612

| | |
|---|---|
| Subtotal | 370.00 |
| Sales Tax | 0.25 |
| Total Invoice Amount | 370.25 |
| Payment Received | 370.25 |
| **TOTAL** | 0.00 |

 **WE NOW ACCEPT ONLINE PAYMENTS**    

**w w w . d l s n y . c o m**

"DLS, INC." TAX ID NO. 13-3179699

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TERWIN ADVISORS LLC,

                          Plaintiff,              07  Civ. 5706   ( VM )

          - against -                 **STATEMENT OF DAMAGES**

INVESTAID CORPORATION,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Principal amount sued for . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 714,134.00

Interest at ___9__ % from July 20, 2007 through August 14, 2007 . . . . . . . . .    4,578.34

Attorneys' Fees, Costs and Disbursements:
Attorneys' Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14,171.04
Clerk's fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .       350.00
Process Server fee for service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .       370.25

Total (as of August 14, 2007   ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$  733,603.63