## MILLER & WRUBEL P.C.
### ATTORNEYS
250 PARK AVENUE
NEW YORK, NEW YORK 10177-0699
(212) 336-3500



AUG 28 2007

CHAMBERS OF
JUDGE MARRERO

**WRITER'S DIRECT NUMBER**
(212) 336-3504
E-mail
cjacob@mw-law.com

**FACSIMILE**
(212) 336-3555

August 27, 2007

**BY HAND DELIVERY**

Hon. Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-4-07

Re: **Terwin Advisors LLC v. Investaid Corporation, 07 Civ. 5706 (VM)**

Dear Judge Marrero:

We represent plaintiff Terwin Advisors LLC ("Terwin"). On August 20, 2007, this Court entered a default judgment (Exhibit 1 hereto) against defendant Investaid Corporation ("Investaid"), a Michigan corporation with its principal place of business in Michigan, in the amount of $733,603.63 (the "Default Judgment").

We write to request that the Court grant Terwin leave pursuant to 28 U.S.C.A. § 1963 to register the Default Judgment in the Eastern District of Michigan at this time. 28 U.S.C.A. § 1963 allows the Court "for good cause shown" to permit registration of the Default Judgment prior to the expiration of the time to appeal.

The cases and commentary to § 1983 indicate that there are two main factors – both present here – comprising "good cause" in this circumstance.

The first is whether an appeal is likely in view of how the case has been defended to date, including whether the defendant has appeared. E.g., RWR Adver., Inc. v. Lexis Pharm., Inc., No. 88CIV6032(PNL), 1990 WL 172602 (S.D.N.Y. Oct. 23, 1990) (granting application to register judgment in other district where the "likelihood of appeal is very small" and defendant had "not submitted opposition to this application"). Here, of course, defendant has not appeared, and would have nothing to appeal if it did.

MILLER & WRUBEL P.C.

Hon. Victor Marrero
August 27, 2007
Page 2

       The other factor concerns the location and extent of the defendant's assets. Investaid is located in Michigan (Exhibit 2 hereto), and what assets it has presumably are there. In any event, Terwin is not aware of any Investaid assets in this District, and Investaid does not conduct business in New York (Exhibit 3 hereto). Terwin has been informed that Investaid has "suspended operations indefinitely," and the Court can take judicial notice of the troubled condition of the mortgage industry, in which Investaid was engaged.

       The commentary to 28 U.S.C.A. § 1963 (Exhibit 4 hereto) states that "good cause" includes "a mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment." Investaid's reported precarious financial condition also weighs in favor of immediate registration in Michigan. RWR Adver., Inc., supra (allowing registration where "plaintiff has little likelihood of recovery of its judgment in view of defendant's precarious financial position").

       For these reasons, Terwin respectfully submits that it has "good cause" to register the Default Judgment in the Eastern District of Michigan.

       Section 1963 does not require that leave be sought by motion, and Terwin believes that such leave would be sufficiently evidenced by the Court "so ordering" this letter application. However, should the Court require Terwin to seek leave by motion, Terwin respectfully submits that a pre-motion conference would be unnecessary.

       We appreciate the Court's attention to this matter.

       Respectfully submitted,

       Charles R. Jacob III

Cc: Investaid Corporation (by facsimile (616) 554-7701 & by first class mail: 24315 Northwestern Highway, Suite 100, Southfield, MI 48075).

---

Request GRANTED. Plaintiff Terwin Advisors LLC is authorized pursuant to 28 U.S.C. § 1963 to register the default judgment entered by this Court on 8-20-07, against defendant Investaid Corporation, in the Eastern District of Michigan.

SO ORDERED:

9-4-07

DATE    VICTOR MARRERO, U.S.D.J.